**In the MATTER OF the ADOPTION OF K.D.,**

**B.D., Appellant,**

**v.**

**W.D. and D.D., Appellees.**

**Court of Appeals Case No. 71A03-1605-AD-1053**

Supreme Court of Indiana.

June 29, 2017

Published Order

This matter has come before the Indiana Supreme Court on a petition to transfer jurisdiction, filed pursuant to Indiana Appellate Rules 56(B) and 57, following the issuance of a decision by the Court of Appeals. The Court has reviewed the decision of the Court of Appeals, and all briefs filed in the Court of Appeals and materials filed in connection with the request to transfer jurisdiction have been made available to the Court for review. Each participating member has had the opportunity to

voice that Justice's views on the case in conference with the other Justices, and each participating member of the Court has voted on the petition.

Because the Court is evenly divided on whether to grant or deny transfer, the petition to transfer is deemed DENIED. *See* Ind. Appellate Rule 58(C).

Rush, C.J., and Massa, J., vote to deny transfer.

David, J., dissents to the denial of transfer with separate opinion in which Slaughter, J., concurs.

Slaughter, J., concurs.

David, J., dissenting.

I respectfully dissent from the denial of transfer because I believe the Court of Appeals deprived Father of adequate due process when it based its decision to affirm the trial court's order on a claim not raised by petitioning grandparents at trial.

It is well-settled that, before a trial court can grant a Petition for Adoption of a child born in wedlock who is less than eighteen years of age, it must first obtain written consent from each living parent. In re Adoption of M.S., 10 N.E.3d 1272, 1278 (Ind. Ct. App. 2014); Ind. Code § 31-19-9-1. However, parental consent can be dispensed with under certain enumerated circumstances. Indiana Code section 31-19-9-8 provides, in relevant part, that consent to adoption is not required from:

(2) A parent of a child in the custody of another person if for a period of at least one (1) year the parent:

(A) fails without justifiable cause to communicate significantly with the child when able to do so; or

(B) knowingly fails to provide for the care and support of the child when able to do so or required by law or judicial decree.

Ind. Code § 31-19-9-8(a)(2).

Here, K.D.'s maternal grandparents ("Grandparents") petitioned to adopt K.D. with Mother's consent. In arguing that Father's consent was not required to grant the adoption petition, Grandparents claimed Father, who had been incarcerated since before K.D. was born, had failed to provide support for K.D. The trial court agreed. In granting the Petition for Adoption, the trial court made findings as to Father's prison job income and found that Father had the ability to pay some support—however nominal that support may have been—and did not do so.

On appeal, Father argued that Grandparents failed to present evidence supporting a conclusion that Father was able to pay child support. Grandparents argued that the trial court's factual findings were sufficient to support a conclusion that Father failed to provide support when he was able to. In the alternative, Grandparents argued for the first time that Father's failure to communicate with K.D. for more than one year was also an adequate ground to affirm the trial court. The Court of Appeals inexplicably declined to resolve the issue on the basis of failure to provide support, instead finding that Father's failure to communicate with K.D. extinguished the need for Father's consent to the petition.

In deciding the question on a claim not raised by the petitioning party at trial, I think the Court of Appeals impermissibly shifted the burden of showing that one of the statutory criteria had been met away from the petitioning party, and also deprived Father of a meaningful opportunity to defend his fundamental liberty interest as a parent. While it's true that the Court of Appeals may affirm a trial court's "decision on any basis supported by the evi-

dence of record," <u>Wishard Mem'l. Hosp. v. Kerr</u>, 846 N.E.2d 1083, 1093 (Ind. Ct. App. 2006), I believe that affirming a decision must still comport with basic principles of due process. Due process requires an opportunity to be heard in a meaningful manner. <u>In re C.G.</u>, 954 N.E.2d 910, 917 (Ind. 2011). It also requires adequate notice of the claims and an opportunity to defend. <u>Perdue v. Gargano</u>, 964 N.E.2d 825, 832 (Ind. 2012).

Grandparents were very explicit in their claim to dispense with Father's consent—they argued he did not provide support when he had the ability to do so. Consequently, Father only had notice that he had to defend against one subsection of the adoption statute. It is, therefore, no surprise that he forewent the opportunity to mitigate the limited testimony regarding lack of communication by presenting evidence on that issue. To then affirm the trial court on the lack of communication grounds because "there was no evidence presented at the hearing that Father ... communicated significantly with [K.D.] when he was able to do so," <u>Matter of Adoption of K.D. v. W.D.</u>, No. 71A03-1605-AD-1053, 2017 WL 527592, at *3 (Ind. Ct. App. Feb. 9, 2017), deprives Father of any significant opportunity to defend his fundamental interest as a parent since it was a position never argued at trial. It also has the effect of flipping the burden of production on its head, incentivizing the petitioner to wait until an appeal to raise an issue for the first time, where they will benefit from the lack of evidence in the record supporting the defendant's defense.

As I see it, we are presented with an opportunity to ensure due process as to one of the most fundamental rights guaranteed by the United States Constitution—the right to care, custody, and control of one's child. <u>See In re Visitation of C.S.N.</u>, 14 N.E.3d 753, 757 (Ind. Ct. App.

2014). Given that Grandparents never raised the issue of lack of communication in their Petition for Adoption and the Court of Appeals failed to address the sufficiency of the evidence on the claim that Father failed to support K.D., I would grant transfer to vacate the Court of Appeals opinion and remand to the Court of Appeals to determine whether Grandparents presented sufficient evidence to support a conclusion that Father was able to pay child support.